UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA and INDIANA STATE CONFERENCE OF THE NAACP, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Case No. 1:20-cv-2007-SEB-TAB |
| CONNIE LAWSON, in her official capacity as Indiana Secretary of State, and PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission, | ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Come Now Plaintiffs, by counsel, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, file their motion for preliminary injunction. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs bring this action to prevent mass disenfranchisement of Indiana voters in the November 3, 2020, election. Absent injunctive relief, thousands of voters are likely to have their mail-in ballots rejected solely because they are received after noon on Election Day—through no fault of their own. Because of disruptions and delays in the delivery of mail by the United States Postal Service, even voters who timely request and return their ballots may find they are not delivered to election officials until after the deadline. Others may never receive their ballot or receive it too late to return by the deadline. All of this was on full display in the

June 2, 2020, election and is highly likely to reoccur in the November 3, 2020, election. Indiana's noon Election Day deadline for receipt of mail-in ballots is an artifact of a ballot-counting procedure that is no longer in use, and is inconsistent with Indiana's other ballot receipt and counting deadlines.  This early receipt deadline is unjustified in any election, but it is particularly burdensome and unjustified in this election year, when mail delivery is unreliable and the risk of infection from COVID-19 makes voting by mail the only safe option for many voters.

3. The Noon Election Day Receipt Deadline, particularly in the context of the ongoing COVID-19 pandemic and the November 3, 2020, election, imposes an undue burden on voters' fundamental right to vote in violation of the First and Fourteenth Amendments to the United States Constitution.

4. Plaintiffs are likely to prevail on the merits of their claim that the challenged statute violates the United States Constitution.

5. Absent a preliminary injunction, Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

6. The balance of harms and the public interest weigh in favor of the issuance of a preliminary injunction.

7. The injunction should be issued without bond.

8. Plaintiffs attach to this Motion the following exhibits, which are incorporated herein by reference:

- Exh. 1:   Letter to Secretary of State Connie Lawson from USPS General Counsel Thomas J. Marshall, July 29, 2020 (Filing No. 9-1)

- Exh. 2:   Letter from Connie Lawson, Ind. Sec. of State, to Myla A. Eldridge, Marion County Clerk, May 29, 2020 (Filing No. 9-2)

    - Exh. 3:     Declaration of Edward Prein (Filing No. 9-3)

    - Exh. 4:     Declaration of Marilyn Tawney (Filing No. 9-4)

    - Exh. 5:     Declaration of Crystal Hammon (Filing No. 9-5)

    - Exh. 6:     Declaration of Diana Smith (Filing No. 9-6)

    - Exh. 7:     Affidavit of Julia Vaughn (Filing No. 9-7)

    - Exh. 8:     Affidavit of Barbara Bolling-Williams (Filing No. 9-8)

9. Contemporaneously with this Motion, Plaintiffs file their memorandum of law, which is also incorporated herein by reference.

10. Plaintiffs therefore respectfully request that this Court preliminarily enjoin:

    a. Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control from implementing, enforcing, administering, invoking, or giving any effect to Indiana Code §§ 3-11.5-4-3 and 3-11.5-4-10 in the November 3, 2020, election; and

    b. Further direct Defendants Okeson, Long, Wilson Overholt, and Klutz, in their official capacities as members of the Indiana Election Commission and pursuant to the powers and duties of the Indiana Election Commission, as defined in Ind. Code § 3-6-4.1-14, to adopt rules, or emergency rules, requiring all county election boards and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control, not to reject mail-in ballots postmarked on or before November 3, 2020, and received on or before November 13, 2020, and to ensure that such ballots are counted if otherwise valid.

WHEREFORE, Plaintiffs respectfully request that this Court enter the aforementioned preliminary injunction, without bond, and grant all other proper relief.

Dated: August 17, 2020

*s/ William R. Groth*
William R. Groth, Of Counsel
MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN 46204
Telephone: (317) 637-2345, Ext. 132
Cell: (317) 502-4803
WGroth@fdgtlaborlaw.com

*s/ Mark W. Sniderman*
Mark W. Sniderman
FINDLING PARK CONYERS WOODY & SNIDERMAN, P.C.
151 North Delaware St., Ste.1520
Indianapolis, IN  46204
(317) 231-1100
msniderman@findlingpark.com

Aneel L. Chablani (*pro hac vice forthcoming*)
Ami Gandhi (*pro hac vice forthcoming*)
Jennifer Terrell (*pro hac vice forthcoming*)
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
100 North LaSalle Street
Suite 600
Chicago, IL 60602
(312) 888-4191 (tel.)
(312) 630-1127 (fax)
achablani@clccrul.org
agandhi@clccrul.org
jterrell@clccrul.org

Ezra Rosenberg (*pro hac vice forthcoming*)
Bradley Phillips (*pro hac vice forthcoming*)
Ryan Snow (*pro hac vice forthcoming*)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW
Suite 900
Washington, DC 20005

4

(202) 662-8600 (tel.)
(202) 783-0857 (fax)
erosenberg@lawyerscommittee.org
bphillips@lawyerscommittee.org
rsnow@lawyerscommittee.org

*Attorneys for Common Cause Indiana and Indiana State Conference of the NAACP*