## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA; INDIANA STATE CONFERENCE OF THE NAACP, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 1:20-cv-02007-SEB-TAB ) |
| CONNIE LAWSON, in her official capacity as the Indiana Secretary of State, PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR STAY PENDING APPEAL

Defendants—Secretary of State Connie Lawson, Indiana Election Commission members Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz—request that this court stay all pretrial proceedings, including the enforcement of the preliminary injunction, while the case is pending on appeal before the Seventh Circuit.

1.      On September 29, 2020, the Court granted Plaintiffs' Motion for Preliminary Injunction, ordering

> [d]efendants and their respective agents, officers, employees, and successors … are hereby preliminarily enjoined from implementing, enforcing, administering, invoking, or giving any effect to the noon Election Day receipt deadline for mail-in absentee ballots, codified at Indiana Code §§ 3-11.5-4-3 and 3-11.5-4-10, in the

> November 3, 2020 general election; and Defendants
> Okeson, Long, Wilson Overholt, and Klutz, in their official
> capacities as members of the Indiana Election Commission
> and pursuant to the powers and duties of the Indiana
> Election Commission, as defined in Indiana Code § 3-6-4.1-
> 14, are hereby ordered to adopt rules, or emergency rules,
> requiring all county election boards and their respective
> agents, officers, employees, and successors, and all persons
> acting in concert with each or any of them or under their
> direction or control, not to reject mail-in ballots
> postmarked on or before November 3, 2020 and received on
> or before November 13, 2020, and to ensure that such
> ballots are counted if otherwise valid [ECF 30.]

2.      Defendants filed their notice of appeal on October 1, 2020. Defendants

request, under Fed. R. Civ. P. 62(b), that this Court issue an order to stay its

preliminary injunction pending the disposition of Defendants' appeal before the

Seventh Circuit Court of Appeals.

3.      "Stays, like preliminary injunctions, are necessary to mitigate the

damage that can be done during the interim period before a legal issue is finally

resolved on its merits. The goal is to minimize the costs of error." *City of Chicago v.*

*Sessions*, 321 F. Supp. 3d 855, 881 (N.D. Ill. July 27, 2018) (quoting *In re A & F*

*Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014)).

4.      A stay pending appeal is necessary to mitigate the potential damage

that may occur given the impending election, which will arrive in just over a month,

well before Defendants' appeal can be resolved.

5.      Indeed, "[i]n recognition of the likelihood of appellate review," another

district court in this circuit recently stayed portions of its own preliminary

injunction against several Wisconsin election-law deadlines, stating "NO voter can

depend on any extension of deadlines . . . unless finally upheld on appeal."
*Democratic Nat'l Comm. v. Bostelmann*, No. 20-CV-249-WMC, 2020 WL 5627186, at
*2 (W.D. Wis. Sept. 21, 2020).

6.     On September 27, 2020, in the same case, the Seventh Circuit granted
a stay of that district court's preliminary injunction, including, in relevant part, the
portion of the injunction that required defendants to count absentee ballots
postmarked by and received after Election Day. *Democratic Nat'l Comm. v.
Bostelmann*, (Nos. 20-2835 & 20-2844) (7th Cir. Sept. 27, 2020) (Order granting
Emergency Motions to Stay the Preliminary Injunction).

7.     The Seventh Circuit vacated that stay on September 29, 2020, but only
because it concluded that none of the appellants had standing to press the appeal.
*Democratic Nat'l Comm. v. Bostelmann*, Nos. 20-2835 & 20-2844, slip op. at 3–4 (7th
Cir. Sept. 29, 2020) (*per curiam*). Critically, the Court expressly declined to "discuss
the parties' arguments about the constitutional rules for voting or the criteria for
stays laid out in *Nken v. Holder*, 556 U.S. 418 (2009)," *id.* at 2.

8.     Unlike *Bostelmann*, the Indiana Election Commission has a legal
interest in the outcome of this litigation, as it has been enjoined from enforcing the
State's election laws on absentee ballot receipt deadlines and has been ordered to
adopt rules instructing county election officials to accept and count otherwise valid
ballots postmarked by Election Day and received on November 13, 2020.

9.     A grant of a motion to stay is "an exercise of judicial discretion," and
the party requesting the stay bears the burden to show the court such discretion

must be exercised. *Hilton v. Braunskill*, 481 U.S. 770, 770 (1987); *Nken*, 556 U.S. at 434.

10.    In granting a stay pending appeal, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Cmty. Pharmacies of Indiana, Inc. v. Indiana Family & Soc. Servs. Admin.*, 823 F. Supp. 2d 876, 878 (S.D. Ind. 2011).

11.    The defendants are likely to succeed on the merits on appeal. Under the *Anderson/Burdick* analysis and *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020), the Constitution does not secure to voters a right to have their absentee ballots counted if received after Election Day, especially when multiple other methods of voting are available or voters have multiple options for timely submitting their absentee ballot. Because this Court's preliminary injunction rests on recognition of a right that does not exist, Defendants are likely to succeed on appeal.

12.    Furthermore, Defendants, those charged with administering an election that has already started, will be harmed if the preliminary injunction stays in place. The order granting a preliminary injunction enjoins the Defendants, in the name of constitutional protections of the right to vote, from enforcing Indiana Code 3-11.5-4-3 and 3-11.5-4-10. It thereby imposes a last-minute change in procedures for Election Day, which will occur in just over a month. Yet "lower federal courts

should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S.Ct. 1205, 1207 (2020) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006); *Frank v. Walker*, 574 U.S. 929 (2014); *Veasey v. Perry*, 135 S.Ct. 9 (2014)).

13.     Here, the Court's election-eve order may cause confusion for voters. The order may instill in some voters a false sense of security about their ballot being counted as long as it is postmarked by Election Day. The order requires counties not to reject otherwise valid ballots postmarked by Election Day and received on or before November 13, 2020. But, if a ballot that is postmarked by Election Day, received after Election Day but on or before November 13, is *not* otherwise valid—for example, if it is missing a signature on the outside envelope— voters may not know before the end of Election Day and will not have the opportunity to cancel their absentee ballots and vote in person. The voter will not be able to cure the defect if the ballot is received after Election Day, whereas defective absentee ballots received before Election Day may be cured by the voter on Election Day. *See*, *e.g.*, Ind. Code § 3-11.5-4-13.

14.     Furthermore, voters in Indiana are used to county officials announcing unofficial election results on Election Day and generally have confidence in the finality of those results. With an unprecedented number of voters expected to vote absentee by mail in the general election, and in light of the preliminary injunction order requiring county officials to count ballots postmarked by Election Day and received on or before November 13, it is likely that many races will not be resolved

on Election Day, leading to voter confusion and undermining the public's faith in the electoral process.

15.     The court's injunction requiring the Commission to adopt rules or emergency rules, a process prescribed by state law, contravenes Defendants' sovereign immunity and other federalism barriers by mandating state officials to exercise discretionary authority in a particular way.  *See, e.g., Jacobson v. Fla. Sec'y of State*, No. 19-14552, 2020 WL 5289377, at *14 (11th Cir. Sept. 3, 2020) (noting that "an injunction ordering [a state official] to promulgate a rule requiring [county officials] to place candidates on the ballot in an order contrary to the ballot statute . . . would have raised serious federalism concerns, and it is doubtful that a federal court would have authority to order it"); *see also Ex parte Young*, 209 U.S. 123, 158 (1908) ("There is no doubt that the court cannot control the exercise of the discretion of an officer. It can only direct affirmative action . . . [that is] merely ministerial in its nature . . . ."); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (explaining that the *Ex parte Young* exception to sovereign immunity "is limited to [the] precise situation" in which "a federal court commands a state official to do nothing more than refrain from violating federal law").

16.     While seeking this stay, the defendants are moving to comply with this Court's order. The Election Commission has announced a public meeting for October 19, 2020, where, if the Court's order is not stayed, the Commission will vote on emergency rules necessary to implement the order. (*See* Commission Public Session Notice at https://www.in.gov/sos/elections/files/20201002_121343.pdf).

Defendants therefore respectfully urge the Court to resolve this motion expeditiously so that the Commission members can know by that date, following inevitable consideration by higher courts, whether the Court's order will remain in effect through Election Day.

17.    Plaintiffs, on the other hand, will not be harmed by a stay because Indiana voters still have multiple options to ensure their absentee mail-in ballots are received by the noon deadline, i.e., requesting their ballot early and mailing it back promptly, voting early in-person, applying to vote in front of an absentee voter traveling board, or turning their ballot in to the county clerk or to their polling location on Election Day.

18.    The public interest weighs in favor or a stay given the ways, described above, that Defendants and voters alike may be harmed by the injunction.

Wherefore, Defendants respectfully requests that this Court grant their Motion to Stay.

Respectfully Submitted,

Office of the Attorney General of Indiana

Date: <u>October 2, 2020</u>          By:     Jefferson S. Garn
                                                Attorney No. 29921-49
                                                Deputy Attorney General
                                                OFFICE OF INDIANA ATTORNEY GENERAL
                                                Indiana Government Center South, 5th Floor
                                                302 West Washington Street
                                                Indianapolis, Indiana 46204-2770
                                                Phone: (317) 234-7119
                                                Email: Jefferson.Garn@atg.in.gov