UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02007-SEB-TAB |
| | ) | |
| CONNIE LAWSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY**

On September 29, 2020, the Court preliminarily enjoined Defendants from enforcing in the November 3, 2020 general election Indiana's noon Election Day receipt deadline for mail-in absentee ballots, codified at Indiana Code §§ 3-11.5-4-3 and 3-11.5-4-10, and ordered that all absentee ballots postmarked by November 3, 2020 and received by November 13, 2020 be counted, if otherwise valid.  Defendants filed their notice of appeal on October 2, 2020 and now request, pursuant to Federal Rule of Civil Procedure 62(b), that we issue an order to stay the preliminary inunction pending the disposition of Defendants' appeal before the Seventh Circuit Court of Appeals.

A grant of a motion to stay is an exercise of judicial discretion and it is the moving party's burden to demonstrate that a stay is warranted.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  In determining whether to grant a stay pending appeal, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quotation marks and citation omitted).

Here, in granting Plaintiffs' request for a preliminary injunction, we found that Plaintiffs made a strong showing that they are likely to succeed on the merits of their claim that the noon Election Day receipt deadline is unconstitutional as applied in the context of the COVID-19 pandemic. Nothing raised in Defendants' motion to stay persuades us otherwise; thus, the first factor weighs against granting a stay.[1] In arguing that the remaining three factors—the irreparable harm each party will suffer with or without a stay and whether a stay is in the public interest—support the issuance of a stay, Defendants focus heavily on the proximity of the election and the risk of voter confusion if a stay is not issued. We note, as Plaintiffs highlight, that Defendants' argument on this score is somewhat undermined by the fact that their own actions have extended the timeline in this case, as they requested additional time beyond that provided by the Local Rules within which to respond to Plaintiffs' motion for preliminary injunction, resulting in a briefing schedule that provided them with an approximately two-week extension.[2]

However, given the critical time period during which this appeal will be under review, and in order to avoid providing absentee voters with a false sense of security

---

[1] The sovereign immunity and federalism arguments Defendants raise for the first time in their motion to stay could have and should have been raised before us in response to Plaintiffs' request for preliminary injunctive relief, but Defendants failed to do so.

[2] Indeed, by our assessment, neither side initially seemed particularly concerned with any time exigencies in this case. The complaint was filed on July 30, 2020, and Plaintiffs did not file their motion for preliminary injunction until August 17, 2020. Defendants' response was filed on September 16, 2020 and Plaintiffs filed their reply on September 23, 2020. We issued our order granting Plaintiffs' request for injunctive relief less than a week later, on September 29, 2020. Defendants then filed their notice of appeal on October 2, 2020.

regarding the extended absentee ballot receipt deadline as the Seventh Circuit has this appeal under review, we hereby STAY our order granting Plaintiffs' request for preliminary injunctive relief for **one week** to allow the Seventh Circuit to consider Defendants' appeal and determine whether an additional stay is warranted.  In the interim, "lest they effectively lose their right to do so by the vagaries of COVID-19, mail processing, or other, unforeseen developments leading up to the November election," *Democratic Nat'l Comm. v. Bostelmann*, ___ F. Supp. 3d ___, 2020 WL 5627186, at *2 (W.D. Wis. Sept. 21, 2020), Indiana voters eligible to and desirous of voting by absentee ballot are encouraged to submit their applications well in advance of Indiana's October 22, 2020 deadline, and, upon receipt, to promptly complete and return their absentee ballots without delay.

    IT IS SO ORDERED.

Date:  _____10/6/2020_____          _____

                                                            SARAH EVANS BARKER, JUDGE
                                                             United States District Court
                                                             Southern District of Indiana

Distribution:

Courtney Lyn Abshire
INDIANA ATTORNEY GENERAL
courtney.abshire@atg.in.gov

Aneel L. Chablani
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
achablani@clccrul.org

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Ami Gandhi
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
agandhi@clccrul.org

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

William R. Groth
VLINK LAW FIRM LLC
wgroth@fdgtlaborlaw.com

Kian J. Hudson
INDIANA ATTORNEY GENERAL
kian.hudson@atg.in.gov

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Ezra D. Rosenberg
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
erosenberg@lawyerscommittee.org

Mark W. Sniderman
FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
msniderman@findlingpark.com

Ryan Snow
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
rsnow@lawyerscommittee.org

Jennifer Terrell
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
jterrell@clccrul.org