# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

November 4, 2020

To:
Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| No. 20-2911 | COMMON CAUSE INDIANA, AND INDIANA STATE CONFERENCE OF THE NAACP<br> Plaintiffs - Appellees<br><br>v.<br><br><br>CONNIE LAWSON, et al.,<br> Defendants - Appellants |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:20-cv-02007-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:       No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                              **Received by:**

_____11/4/2020_____                    _____[signature: Laura Townsend]_____
                                                     Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

CERTIFIED COPY

## FINAL JUDGMENT

October 13, 2020

| Before: | DIANE S. SYKES, Chief Judge<br>FRANK H. EASTERBROOK, Circuit Judge<br>MICHAEL B. BRENNAN, Circuit Judge |
|---|---|

| | |
|---|---|
| No. 20-2911 | COMMON CAUSE INDIANA, AND INDIANA STATE CONFERENCE OF THE NAACP<br>Plaintiffs - Appellees<br><br>v.<br><br>CONNIE LAWSON, Indiana Secretary of State, et al.,<br>Defendants - Appellants |
| **Originating Case Information:** ||
| District Court No: 1:20-cv-02007-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker ||

The state's motion for a stay is **GRANTED**. Because recent decisions such as *Tully* and *Democratic National Committee* do not leave room for ongoing debate about the issue in this case, the injunction issued by the district court is summarily **REVERSED**, with costs**,** in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

# In the
# United States Court of Appeals
## For the Seventh Circuit



CERTIFIED COPY

_____

No. 20-2911

COMMON CAUSE INDIANA and INDIANA STATE CONFERENCE OF THE NAACP,

*Plaintiffs-Appellees*,

*v.*

CONNIE LAWSON, Indiana Secretary of State, *et al.*,

*Defendants-Appellants*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-02007-SEB-TAB — **Sarah Evans Barker**, *Judge*.

_____

SUBMITTED OCTOBER 13, 2020 — DECIDED OCTOBER 13, 2020

_____

Before SYKES, *Chief Judge*, and EASTERBROOK and BRENNAN, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Indiana counts an absentee ballot only if it is received by noon on Election Day. Ind. Code §§ 3-11.5-4-3, 3-11.5-4-10. A district court held this rule unconstitutional on the ground that the SARS-CoV-2 pandemic, which has led to more use of mail-in voting nationwide, creates a risk that ballots mailed close to Election Day

Case 1:20-cv-02007-SEB-TAB   Document 41   Filed 11/04/20   Page 5 of 8 PageID #: 862
Case: 20-2911      Document: 00713711035      Filed: 11/04/2020      Pages: 5      (2 of 8)

2                                                                  No. 20-2911

will not be received on time. *Common Cause Indiana v. Lawson*, 2020 U.S. Dist. LEXIS 179161 (S.D. Ind. Sept. 29, 2020). The judge issued an injunction requiring the state to count all absentee ballots received by November 13, 2020, ten days after Election Day.

The district court's premise is that the Constitution entitles all persons who cast absentee ballots to be free of any risk that the ballot will not count, even if they mail their ballots close to Election Day. Because the pandemic has made additional demands on the Postal Service and increased the probability that a ballot mailed near Election Day will arrive afterward, the judge deemed the state's system unconstitutional. But a recent decision of this court holds that the premise is not correct—that as long as the state allows voting in person, there is no constitutional right to vote by mail. *Tully v. Okeson*, No. 20-2605 (7th Cir. Oct. 6, 2020). *Tully* adds that difficulties attributable to the virus do not require change in electoral rules—not, at least, as a constitutional matter. That some people are unwilling to vote in person does not make an otherwise-valid system unconstitutional. It is for states to decide what sort of adjustments would be prudent. The SARS-CoV-2 pandemic has caused great loss but is not a good reason for the federal judiciary to assume tasks that belong to politically responsible officials.

As long as it is possible to vote in person, the rules for absentee ballots are constitutionally valid if they are supported by a rational basis and do not discriminate based on a forbidden characteristic such as race or sex. *Tully*, slip op. 9–11, relying on *McDonald v. Chicago Board of Election Commissioners*, 394 U.S. 802 (1969). It is rational to require absentee votes to be received by Election Day, just as in-person voting

No. 20-2911                                                                 3

ends on Election Day. Deadlines are essential to elections, as to other endeavors such as filing notices of appeal or tax returns. That some ballots are bound to arrive after *any* deadline does not justify judicial extensions of statutory time limits. See *Griffin v. Roupas*, 385 F.3d 1128, 1130 (7th Cir. 2004). Counting the votes, and announcing the results, as soon as possible after the polls close serves a civic interest.

Other courts of appeals recently have held that laws setting an Election-Day deadline for receipt of all ballots are valid during a pandemic, as they are valid without one. See, e.g., *New Georgia Project v. Raffensperger*, 2020 U.S. App. LEXIS 31405 (11th Cir. Oct. 2, 2020); *Arizona Democratic Party v. Hobbs*, 2020 U.S. App. LEXIS 31677 (9th Cir. Oct. 6, 2020). We agree with that conclusion.

People who worry that mail will be delayed during the pandemic can protect themselves by using early in-person voting or posting their ballots early. As the Supreme Court observed in *Republican National Committee v. Democratic National Committee*, 140 S. Ct. 1205, 1207 (2020), those who act at the last minute assume risks even without a pandemic. Cf. *United States v. Locke*, 471 U.S. 84 (1985). A state satisfies all constitutional requirements by devising a set of rules under which everyone who takes reasonable steps to cast an effective ballot can do so. See *Frank v. Walker*, 819 F.3d 384, 386–87 (7th Cir. 2016); *Luft v. Evers*, 963 F.3d 665, 679 (7th Cir. 2020); *Democratic National Committee v. Bostelmann*, No. 20-2835 (7th Cir. Oct. 8, 2020). During a pandemic a reasonable person entitled to vote by mail transmits the ballot earlier than normal or uses another approved method. Indiana allows voting from overseas, or by a member of the uniformed services, by fax or email. See Ind. Code §3-11-4-6(h). It also al-

4                                              No. 20-2911

lows voting in person during the four weeks before Election Day. See Ind. Code §3-11-10-26(f). The district court did not find that anyone entitled to vote in Indiana would be unable to cast an effective ballot by acting ahead of the deadline or, if necessary, voting in person on November 3.

There is another problem with the district court's injunction. The Supreme Court insists that federal judges not change electoral rules close to an election. In addition to *Republican National Committee* see, e.g., *Andino v. Middleton*, No. 20A55 (U.S. Oct. 5, 2020). We explained in *Democratic National Committee*:

> The Justices have deprecated but not forbidden all change close to an election. A last-minute event may require a last-minute reaction. But it is not possible to describe COVID-19 as a last-minute event. The World Health Organization declared a pandemic seven months ago, the State of Wisconsin closed many businesses and required social distancing last March, and the state has conducted two elections (April and August) during the pandemic. If the judge had issued an order in May based on April's experience, it could not be called untimely. By waiting until September, however, the district court acted too close to the election.
>
> …
>
> Voters have had many months since March to register or obtain absentee ballots; reading the Constitution to extend deadlines near the election is difficult to justify when the voters have had a long time to cast ballots while preserving social distancing. The pandemic has had consequences (and appropriate governmental responses) that change with time, but the fundamental proposition that social distancing is necessary has not changed since March. The district court did not find that any person [authorized to vote by mail] who wants to avoid voting in person on Election Day would be unable to cast a ballot in Wisconsin by planning ahead and taking advantage of the opportunities allowed by state law. The problem that concerned the district

Case 1:20-cv-02007-SEB-TAB   Document 41   Filed 11/04/20   Page 8 of 8 PageID #: 865
     Case: 20-2911     Document: 00713711035         Filed: 11/04/2020     Pages: 5         (5 of 8)

No. 20-2911                                                                 5

judge, rather, was the difficulty that could be encountered by voters who do not plan ahead and wait until the last day that state law allows for certain steps. Yet, as the Supreme Court observed last April [in *Republican National Committee*], voters who wait until the last minute face problems with or without a pandemic.

Slip op. 4–5. That observation is equally apt in this suit. Substitute "Indiana" for "Wisconsin" and the essential point remains.

The state's motion for a stay is granted. Because recent decisions such as *Tully* and *Democratic National Committee* do not leave room for ongoing debate about the issue in this case, the injunction issued by the district court is summarily reversed.